In the Matter of the Claim of AGNES J. ANTHONY, Appellant, against NEW YORK PUBLIC LIBRARY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which reversed the decision of a referee and disallowed a claim for death benefits. Decedent was employed as a janitor by the New York Public Library. He died of a heart attack on February 21, 1950. It is alleged that the fatal attack was brought on by strain and effort incident to sweeping a sidewalk in front of the employer's premises. Decedent had a pre-existing heart condition of a serious nature. The issue of causal connection was contested and there is substantial evidence to sustain the finding of the board that the decedent's death was not the result of an accident. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

In the Matter of the Claim of MADGE C. BETHGE, for Herself and NANCY C. BETHGE, an Infant, Respondent, against BUFFALO EASTERN MOTOR LINES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award of death benefits. Decedent was employed as a truck driver. On February 3, 1950, he had made a delivery of two packages weighing a total of 136 lbs. While there is no direct evidence, there is sufficient proof to warrant the inference that he had carried them for some distance from his truck to a platform. Shortly thereafter he was found slumped over the wheel of his truck and was dead when a physician arrived. The medical testimony of causal relation is unsatisfactory. Claimant's doctor testified only to assumptions and did not express any clear cut opinion with reasonable medical certainty. Claimant's attorney indicated that he had further medical testimony and appellants' attorney requested an opportunity to present medical testimony, but the referee closed the case and made an award. The present record is insufficient to sustain the award and we think both sides should have an opportunity to present further proof. Award reversed, on the law, and the matter remitted to the Workmen's Compensation Board for further proof, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.